UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| REGENCY COMMERCIAL ASSOCIATES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-00143-WTL-MPB |
| | ) | |
| ACTION 49 JUNCTION I, LLC, | ) | |
| ACTION PROPERTIES, LLC, | ) | |
| FIDELITY NATIONAL TITLE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on several motions related to the parties' jurisdictional dispute in this matter. The Court will address each in turn.

**I.  Overview**

On September 12, 2017, Defendants, Action 49 Junction I, LLC, and Action properties, LLC ("the Action Defendants") removed this matter from Vanderburgh Circuit Court to this Court. (Docket No. 1). The Action Defendants asserted diversity of citizenship existed because, in relevant part, Plaintiff, Regency Commercial Associates, LLC, as a limited liability company, had seven managers listed with the Indiana Secretary of State—whom were all citizens of Indiana. (Docket No. 1 at ECF p. 2). Thus, for purposes of federal diversity jurisdiction, the Action Defendants assert Plaintiff is a citizen of Indiana. *Id.* On the other hand, for the purposes of federal diversity jurisdiction the Action Defendants are citizens of Mississippi and/or Delaware and Fidelity National Title Insurance Company ("Fidelity") is a Florida citizen—therefore, complete diversity exists. *Id.*

It is Plaintiff's position that complete diversity does not exist, specifically because at least

some of its members are Florida citizens—which is the same state citizenship as Defendant Fidelity. The following motions ensued.

## II. Action Defendants' Motion for Order Requiring Plaintiff's Statement of Citizenship ([Docket No. 9](#))

On September 21, 2017, the Action Defendants filed a Motion for Order Requiring Plaintiff's Statement of Citizenship ([Docket No. 9](#)), in which it requested an Order requiring Regency to provide a list of each of its members along with their citizenship so that the Court could determine whether jurisdiction existed. Action Defendants indicated that before filing the Notice of Removal, they conducted a reasonable search in order to determine Regency's citizenship by referencing Regency's filings with the Indiana Secretary of State and confirming that the seven listed Managers were all Indiana citizens. ([Docket No. 9 at ECF p. 2](#), citing [Docket No. 1-2](#)).

Regency opposes the motion and, correspondingly, filed a Motion to Remand for Lack of Subject Matter Jurisdiction. ([Docket No. 10](#); [Docket No. 11](#)). Regency argues the Action Defendants, not Regency, bears the initial burden of establishing by a preponderance of the evidence facts that the requirements for diversity jurisdiction have been satisfied. ([Docket No. 11 at ECF p. 2](#)).

If the Plaintiff has challenged the existence of federal jurisdiction, the Defendant, as the party that removed this case to federal court, has "the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdictional amount has been satisfied." [*Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011)](#). The Seventh Circuit has recognized that this "is easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information [necessary to establish jurisdiction]." *See* [*Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)](#).

Nonetheless, it is procedurally improper to Order Regency to provide a list of all its members and their citizenship. The Local Rules for the Southern District of Indiana, in accordance with the Federal Rules of Civil Procedure, provide plaintiffs with two options once a notice of removal has been filed: (1) file a motion to remand within thirty days of the filing of the notice of removal, or (2) file a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy. S.D. Ind. L.R. 81-1(b). Regency has chosen the first option and filed a motion to remand.

For those reasons, the Action Defendants' Motion for Order Requiring Plaintiff's Statement of Citizenship is **DENIED**. (Docket No. 9).

### III. Action Defendants' Motion to Conduct Limited, Expedited Discovery Regarding Plaintiff's Citizenship (Docket No. 16)

On September 27, 2017, while the Action Defendants' initial motion requesting Regency's statement was pending, they filed a second motion requesting leave to conduct limited, expedited discovery regarding Plaintiff's citizenship. (Docket No. 16).

The Action Defendants assert that limited discovery regarding Regency's citizenship is necessary because, despite their search of public records prior to filing the Notice of Removal, the Action Defendants were unable to determine any additional members nor their citizenship beyond those listed as Managers with the Indiana Secretary of State. (Docket No. 16 at ECF p. 2). The Action Defendants further asserted that Regency's counsel declined to provide the Action Defendants' counsel with a list of its members and their citizenship. *Id.* They argue that where the opponent of removal refuses to disclose citizenship information that is not publicly available, the court may allow the removing party to conduct limited discovery on the issue of jurisdiction. *Id.*

Regency opposes the request for jurisdictional discovery, providing an affidavit of

Regency's Senior Vice-President and Chief Investment Officer, Mr. Howell, in which Mr. Howell avers that Regency has more than seventy-five members (75), including trusts, foundations, non-profits, corporations, limited partnerships, and limited liability companies, and over forty individuals. (Docket No. 18-1). Moreover, Mr. Howell avers that Regency does not maintain information for all of its members relating to their respective citizenship, but that more than one member (although those members are not named), are domiciled in Florida. *Id.* Therefore, Regency argues, complete diversity is destroyed, because defendant Fidelity is also a citizen of Florida.

The Action Defendants reply that Fidelity has not yet made a filing in federal court and may not be a proper defendant in this matter—an argument that the Action Defendants intend to make in responding to Regency's Motion to Remand. (Docket No. 22 at ECF p. 2).

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," between citizens of different states. 28 U.S.C. §1332(a)(1). "§1332 requires 'complete diversity,' meaning that no plaintiff may be from the same state as any defendant." *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). To determine whether complete diversity exists, "'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'" *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (quoting *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)).

Courts have permitted limited discovery on the issue of jurisdiction in some instances. *See Indycar LLC v. Bos. Grand Prix, LLC*, No. 1:16-cv-1274-TWP-MJD (Dkt. 20), 2016 U.S. Dist. LEXIS 80177 (S.D. Ind. June 20, 2016) (allowing limited jurisdictional discovery to

4

identify members of an LLC for purposes of diversity of citizenship). Of course, district courts have broad discretion in matters relating to discovery. See *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001)). Federal Rule of Civil Procedure 26(b)(1) sets the standard for the scope of general discovery, providing that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Yet, discovery does have limits. District courts also have broad discretion to limit discovery, particularly when it is unreasonably cumulative or duplicative, unreasonably burdensome, or can be obtained from another less burdensome source. Fed. R. Civ. P. 26(b)(2)(C). There is not an automatic right to discovery pertaining to jurisdiction in every case. *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998). A party must make a *prima facie* showing with some competent evidence demonstrating that jurisdiction might exist in order to be entitled to jurisdictional discovery. *See id.*

Plaintiff, in response to this motion, provides an affidavit from Regency's Senior Vice-President and Chief Investment Officer, Mr. Howell, which avers that Regency has "more than one individual member whose domicile is in the state of Florida." (Docket No. 18-1). The Action Defendants respond, not by refuting Mr. Howell's affidavit, but by arguing that Fidelity may not be a proper Defendant in this matter—which they intend to argue in their response to Plaintiff's Motion to Remand. (Docket No. 22 at ECF p. 2). The Action Defendants provide no further explanation. The Court notes that Fidelity filed an Answer in Vanderburgh County before this case was removed, but has not registered for electronic filing nor made a filing in federal court. (Docket No. 1-1 at ECF p. 291).

5

An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the defendant that destroys diversity. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? *Id.*

Based on the facts and law presented before the Court today, the Court holds that the Action Defendants have failed to make a *prima facie* case that jurisdiction might exist. The Court is charged with the power and authority to restrict discovery that is not relevant. Discovery is not a ticket to an exploration of every conceivable matter that an attorney might pursue. *Uppal v. Rosalind Franklin University of Medicine and Science*, 124 F. Supp. 3d 811, 814 (N.D. Ill. 2015). Here, the Action Defendants' only response to Mr. Howell's affidavit indicating that some of the Plaintiff's members are citizens of Florida is that Fidelity may not be a proper Defendant. But the Action Defendants do not articulate the basis for that contention. Without any further record before the Court it appears that the discovery requested is wholly irrelevant as even a single Regency member with the same citizenship as any single Defendant destroys diversity. Merely mentioning upon response that Fidelity *may* not be a proper defendant is not enough to establish a *prima facie* case entitling the Action Defendants to discovery.

For those reasons, the Action Defendants' Motion to Conduct Limited, Expedited Discovery Regarding Plaintiff's Citizenship is **DENIED without prejudice**. (Docket No. 18).

**IV.    The Action Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion to Dismiss Counterclaim** (Docket No. 27)

On October 30, 2017, the Action Defendants filed a Motion for Extension of Time to File Response to Regency's Motion to Dismiss Action's Counterclaim for Lack of Jurisdiction (Docket No. 24). (Docket No. 27). The Action Defendants request a sixty (60) day extension of time within which to respond Regency's Motion to Dismiss Action's Counterclaim for Lack of Jurisdiction asserting that "[t]he same limited discovery that Action seeks relating to the citizenship of Regency's members is relevant to responding to both Regency's Motion to Remand and Regency's Motion to Dismiss Action's Counterclaims, so that diversity jurisdiction of this case can be conclusively determined." (Docket No. 27 at ECF p. 4).

The Court has found the Action Defendants' request for jurisdictional discovery insufficient. To the extent this requested discovery's relevancy to the Motion to Dismiss is independent, in that the Action Defendants could have a different *prima facie* basis for the discovery, from its relevancy to the Motion to Remand—the Action Defendants have raised no such arguments. Therefore, it follows that the Motion for Extension of Time to January 8, 2018, in order to conduct said discovery is unnecessary. The Court will grant an extension of time until **December 4, 2017**, the same deadline the response deadline to the Motion to Remand given the Action Defendants could not respond by the initial deadline while the Court considered the motion for leave to conduct jurisdictional discovery.

For the foregoing reasons, the Court **GRANTS in part and DENIES in part**, the Action Defendants Motion for Extension of Time to Respond to Plaintiff's Motion to Dismiss Counterclaim (Docket No. 27), extending the current deadline until **December 4, 2017.**

## V. Conclusion

In sum, the Court **DENIES** the Action Defendants' Motion for Order Requiring Plaintiff's Statement of Citizenship ([Docket No. 9](#)), **DENIES without prejudice** the Action Defendants' Motion to Conduct Limited, Expedited Discovery Regarding Plaintiff's Citizenship ([Docket No. 16](#)), and **GRANTS in part and DENIES in part** the Action Defendants' Motion for Extension of Time to File Response to Plaintiff's Motion to Dismiss Counterclaim ([Docket No. 27](#)), permitting until **December 4, 2017** to file that response.

**SO ORDERED.**

Date: November 13, 2017

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Service will be made electronically on all ECF-registered counsel of record via email generated by the court's ECF system.